USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _______________
DATE FILED: 8/4/2026

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

CESAR MONTOYA QUINTERO,

Petitioner,

-v-

TODD LYONS, *et al.*,

Respondents.

1:26-cv-6605-GHW

ORDER

GREGORY H. WOODS, United States District Judge:

On August 3, 2026, Petitioner Cesar Montoya Quintero, proceeding *pro se*, filed a petition for writ of *habeas corpus* pursuant to 28 U.S.C. § 2241. Dkt. No. 1. The petition is signed—not by Mr. Montoya Quintero himself—but by Richard Mendez. *Id.* at ¶ 18. Mr. Mendez asserts that Mr. Montoya Quintero is "detained and without access to counsel or the ability to receive or send mail or sign documents at the place where he is currently detained." *Id.* at ¶ 2.

Before the Court can consider the merits of the petition, the Court must first determine whether Mr. Mendez has standing to bring this action as "next friend" to Mr. Montoya Quintero. "Under 28 U.S.C. § 2241, an "[a]pplication for a writ of habeas corpus shall be in writing signed and verified by the person for whose relief it is intended *or by someone acting in his behalf*." 28 U.S.C. § 2241 (emphasis added). This is commonly referred to as "next friend standing." "A 'next friend' does not himself become a party to the habeas corpus action in which he participates, but simply pursues the cause on behalf of the detained person, who remains the real party in interest." *Whitmore v. Arkansas*, 495 U.S. 149, 163 (1990).

Accordingly, the threshold question here is whether Mr. Mendez, who filed the habeas petition on Mr. Montoya Quintero's behalf "is in fact acting 'in his behalf.'" *Ross ex rel. Smyth v.*

*Lantz*, 396 F.3d 512, 513 (2d Cir. 2005). "Important[ly] for present purposes, 'next friend' standing is by no means granted automatically to whomever seeks to pursue an action on behalf of another." *Whitmore*, 495 U.S. at 163. Rather, "[t]he availability of next friend status is . . . subject to significant limitations." *Padilla v. Rumsfeld*, 352 F.3d 695, 703 (2d Cir. 2003), *rev'd and remanded on other grounds*, 542 U.S. 426 (2004). To determine whether Mr. Mendez has adequately demonstrated "next friend" standing, the Court looks to "at least two firmly rooted prerequisites." *Smyth*, 396 F.3d at 513 (quoting *Whitmore*, 495 U.S. at 163).

> First, a "next friend" must provide an adequate explanation—such as inaccessibility, mental incompetence, or other disability—why the real party in interest cannot appear on his own behalf to prosecute the action. Second, the "next friend" must be truly dedicated to the best interests of the person on whose behalf he seeks to litigate, and . . . must have some significant relationship with the real party in interest.

*Id.* at 514 (quoting *Whitmore*, 495 U.S. at 163–64). "The burden is on the 'next friend' . . . clearly to establish the propriety of his status and thereby justify the jurisdiction of the court." *Id.* (quoting *Whitmore*, 495 U.S. at 164).

The Court cannot conclude from the face of the petition that Mr. Mendez has standing to bring this action as next friend to Mr. Montoya Quintero. Discrepancies in the petition leave the Court unable to determine the exact nature of the relationship between Mr. Mendez and Mr. Montoya Quintero. Mr. Mendez initially identifies himself as Petitioner's "close friend" and a "member of [Petitioner's] extended family." Dkt. No. 1 at ¶ 1. Mr. Mendez later describes himself as Petitioner's "next of kin[.]" *Id.* at ¶ 2. The petition also contains language that appears to have been inadvertently carried over from a prior, unrelated petition. Dkt. 1 at ¶ 10 (describing a petitioner from Guatemala who entered the United States 21 years ago); *Id.* at 17-18 (noting the petition is considered filed as of July 10, 2026). In light of these discrepancies, the Court requires

more information to determine if Mr. Mendez has standing to bring this action as next friend to Mr. Montoya Quintero.

Mr. Mendez is ordered to submit a sworn affidavit setting forth the factual bases for the Court to conclude that he has next friend standing to file a petition on behalf of Mr. Montoya Quintero no later than August 11, 2026. The Court directs the Clerk of Court to mail a copy of this order to Petitioner at the address listed on the docket sheet for this action and to email a copy of this order to Richard Mendez at the address listed on the docket sheet for this action. Richard Mendez may receive court documents by email by completing the form, Consent to Electronic Service.[1]

SO ORDERED.

Dated: August 4, 2026

GREGORY H. WOODS
United States District Judge

[1] For more information about consenting to electronic service, please review the court's Instructions. If Richard Mendez consents to receive documents by email, Richard Mendez will no longer receive court documents by regular mail.